EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

FLORENCE NAKAKUNI
Chief, Narcotics Section

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00130 HG |
| Plaintiff, | ) | |
| vs. | ) | THIRD SUPERSEDING INDICTMENT |
| | ) | [21 U.S.C. §§ 846, 841(a)(1) |
| HERMAN G. LEMUSU (01) | ) | & (b)(1)(A); 18 U.S.C. |
| aka: "Emani Savusa" | ) | §§ 1956(a)(1)(A)(i) & (h) |
| "Kong" | ) | 18 U.S.C. §924(c) |
| "Pop" | ) | |
| ALOFAGA LEMUSU (02) | ) | |
| aka: "Gunny" | ) | |
| Defendants. | ) | |

THIRD SUPERSEDING INDICTMENT

COUNT 1

The Grand Jury charges:

On or about between January 1, 1995 and April 5, 2002, in the District of Hawaii and elsewhere, HERMAN G. LEMUSU, aka: "Emani Savusa," "Kong", "Pop" and ALOFAGA LEMUSU, aka: "Gunny,"

the defendants, along with Filipo Matau and Fa'alile Afele, did knowingly and intentionally conspire together, and with other persons known and unknown to the Grand Jury, to distribute, possess with intent to distribute, and manufacture 50 grams or more of methamphetamine, its salts, its isomers, and salts of its isomers in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

## MANNER AND MEANS OF ACCOMPLISHING CONSPIRACY

1.  In order to facilitate his plan to distribute and possess with intent to distribute crystal methamphetamine, HERMAN G. LEMUSU (HERMAN LEMUSU), devised a scheme whereby he would acquire multi-pound quantities of methamphetamine through sources in California, and arrange to smuggle said methamphetamine into Hawaii through the use of drug couriers who would secretly transport the methamphetamine in carry on luggage from Los Angeles, California to Honolulu, Hawaii.

2.  Once the methamphetamine reached Hawaii, HERMAN LEMUSU would arrange for both the courier and methamphetamine to be transported from the airport to a location where, either he, or ALOFAGA LEMUSU, would convert the methamphetamine into crystal methamphetamine or "ice" through the use of a methamphetamine "conversion" lab.

3.  Once the methamphetamine was converted into its crystalline form, HERMAN LEMUSU, ALOFAGA LEMUSU and others acting

at their direction, would then distribute the crystal methamphetamine to sub-dealers and users of the drug.

4. As a part of their scheme, HERMAN LEMUSU, ALOFAGA LEMUSU and others acting at their direction, would collect large amounts of United States currency received from the sale of methamphetamine and either send it in bulk cash amounts by courier back to California, mail it by way of a package mail service to California, or wire it by utilizing Western Union wire transfers back to various individuals associated with HERMAN LEMUSU in California.

5. Once those individuals received the wire transfers from HERMAN LEMUSU or others acting on his behalf, the funds would then be personally transferred to HERMAN LEMUSU, or to others at HERMAN LEMUSU's direction.

<u>OVERT ACTS</u>

In furtherance of the aforesaid conspiracy, and in order to accomplish the illegal objectives thereof, overt acts were committed in the District of Hawaii and elsewhere by members of the conspiracy, including, but not limited to, the following acts:

1. In or about September 1995, HERMAN LEMUSU acquired methamphetamine for redistribution and possessed approximately one-half (½) pound of methamphetamine for further distribution at his residence located in Waipahu, Hawaii.

2. Between 1997 and April 2002, HERMAN LEMUSU directed the wire transfer of United States currency acquired through methamphetamine trafficking on no less than 200 occasions, and involving no less than $500,000 in drug proceeds.

3. On a multitude of occasions from 1995 up through April, 2002, HERMAN LEMUSU arranged for drug couriers to travel from California to Honolulu by commercial airline carrier in possession of methamphetamine for conversion to crystal methamphetamine and distribution in Hawaii.

4. On or about December 4, 2000, HERMAN LEMUSU arranged for Filipo Matau to travel from Los Angeles, California to Hawaii in possession of approximately 2 pounds of methamphetamine for distribution in Hawaii.

5. At some time prior to December 4, 2000, but during the time frame of the conspiracy set forth herein, HERMAN LEMUSU and ALOFAGO LEMUSU set up a methamphetamine conversion laboratory in ALOFAGO LEMUSU's residence located in Waipahu, Hawaii and began actively converting raw methamphetamine into crystal methamphetamine or "ice."

6. In January 2002, HERMAN LEMUSU arranged for a courier to transport nearly 6 pounds of raw methamphetamine from Los Angeles, California to Honolulu, Hawaii for further distribution.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

The Grand Jury further charges:

On or about between January 1, 1996 and April 5, 2002, in the District of Hawaii and elsewhere, HERMAN G. LEMUSU, aka: "Emani Savusa," "Kong," "Pop," and ALOFAGA LEMUSU, aka: "Gunny," the defendants, did knowingly and intentionally conspire together, and with other persons known and unknown to the Grand Jury, to knowingly and willfully conduct financial transactions affecting interstate and foreign commerce, to wit: money wire transfers, which by their agreement and understanding would involve the proceeds of a specified unlawful activity, that is conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 846, as charged in Count 1 of the Indictment, with the intent to promote the carrying on of the so named specified unlawful activity, and that while conducting said financial transactions said Defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

MANNER AND MEANS OF ACCOMPLISHING CONSPIRACY

1. In order to facilitate their plan to launder moneys derived from illicit sale of crystal methamphetamine, HERMAN LEMUSU and ALOFAGA LEMUSU utilized a process whereby United States Currency derived from drug trafficking was either bulk mailed by a packaging company, hand carried by courier utilizing commercial airline carriers or wired to individuals in California.

2. When utilizing the wiring of funds method, HERMAN LEMUSU, ALOFAGA LEMUSU and others working under their direct supervision, would electronically wire funds using Western Union agents located in Hawaii such as Sack & Save Supermarkets and K-Mart. Individuals wiring moneys for the LEMUSU organization were given amounts of United States currency and directed to wire the funds to a particular individual and location in California.

3. HERMAN LEMUSU, ALOFAGA LEMUSU and others working under their direction sometimes utilized fictitious identities for themselves when wiring funds, and always arranged the amount of funds wired to be under amounts that would require the filing of currency transaction reports by the wiring agent.

All in violation of Title 18, United States Code, Sections 1956(h) and 2.

COUNT 3

The Grand Jury further charges:

On or about April 4, 2002, in the District of Hawaii, HERMAN LEMUSU, aka: "Emani Savusa", "Kong", "Pop", the defendant, did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

COUNT 4

The Grand Jury further charges:

On or about October 12, 2001, in the District of Hawaii, HERMAN LEMUSU, aka: "Emani Savusa", "Kong", "Pop", the defendant, did knowingly and willfully conduct a financial transaction affecting interstate commerce, to wit: a money wire transfer of $3,000 to Darlene Leiataua, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the so named specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT 5

The Grand Jury further charges:

On or about October 12, 2001, in the District of Hawaii, HERMAN LEMUSU, aka: "Emani Savusa", "Kong", "Pop", the defendant, did knowingly and willfully conduct a financial transaction affecting interstate commerce, to wit: a money wire transfer of $3,000 to Faavevela Faasee, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the so named specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

//
//
//
//
//
//

## COUNT 6

The Grand Jury further charges:

On or about October 22, 2001, in the District of Hawaii, HERMAN LEMUSU, aka: "Emani Savusa", "Kong", "Pop", the defendant, did knowingly and willfully conduct a financial transaction affecting interstate commerce, to wit: a money wire transfer of $2,300, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the so named specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT 7

The Grand Jury further charges:

On or about October 14, 2000, in the District of Hawaii, ALOFAGA LEMUSU, aka: "Gunny," the defendant, did knowingly and willfully conduct a financial transaction affecting interstate commerce, to wit: a money wire transfer of $2,500, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute methamphetamine in violation of

Title 21, United States Code, Section 846, with the intent to promote the carrying on of the so named specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

### COUNT 8

The Grand Jury further charges:

On or about October 27, 2000, in the District of Hawaii, ALOFAGA LEMUSU, aka: "Gunny," the defendant, did knowingly and willfully conduct a financial transaction affecting interstate commerce, to wit: a money wire transfer of $1,500, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the so named specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

COUNT 9

The Grand Jury further charges:

On or about November 29, 2000, in the District of Hawaii, ALOFAGA LEMUSU, aka: "Gunny," the defendant, did knowingly and willfully conduct a financial transaction affecting interstate commerce, to wit: a money wire transfer of $2,500, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the so named specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2.

COUNT 10

The Grand Jury further charges:

On or about December 5, 2000, in the District of Hawaii, ALOFAGA LEMUSU, aka: "Gunny", the defendant, did knowingly and intentionally manufacture 5 grams or more of crystal methamphetamine, its salts, its isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 11

The Grand Jury further charges:

On or about between July 1, 2000 and December 5, 2000, in the District of Hawaii, ALOFAGA LEMUSU, aka: "Gunny", the defendant, during and in relation to a drug trafficking crime, to-wit, conspiracy to distribute, possess with intent to distribute, and manufacture 50 grams or more of methamphetamine, its salts, its isomers and salts of its isomers, as charged in Count 1 of this Indictment, did possess one or more firearms in furtherance of said charged conspiracy, to wit: one 9mm Smith & Wesson semi-automatic handgun, Serial Number A141105, and one .45 Caliber Colt pistol, Serial Number 70B11750.

//
//
//
//
//
//
//
//
//
//

All in violation of Title 18, United States Code Sections 924(c)(1)(A).

DATED: March 20, 2003, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE NAKAKUNI
Chief, Narcotics Section

_____
KENNETH M. SORENSON
Assistant U.S. Attorney