UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 5 2005

at 1 o'clock and 30 min. PM
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALOFAGA LEMUSU, aka "Gunnie",<br><br>Defendant - Appellant. | No. 03-10577<br>D.C. No. CR-02-00130-HG<br><br><br><br>**JUDGMENT** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>HERMAN LEMUSU,<br><br>Defendant - Appellant. | No. 04-10025<br>D.C. No. CR-02-00130-HG<br><br><br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is

**AFFIRMED as to the convictions; Herman Lemusu's sentence is REMANDED..**

Filed and entered 06/09/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUL 0 1 2005

by: Candy
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 09 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALOFAGA LEMUSU, aka "Gunnie", and HERMAN LEMUSU<br><br>Defendants - Appellants. | Nos. 03-10577, 04-10025<br><br>D.C. No. CR-02-00130-HG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted May 12, 2005
Honolulu, Hawaii

Before: D.W. NELSON, KOZINSKI, and BEA, Circuit Judges.

We affirm the convictions of both Herman Lemusu and Alofaga Lemusu, and remand Herman's case to the district court for the district court to evaluate Herman's sentence as discussed, *infra*.

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

I.   Herman Lemusu's Claims

Neither a variance nor a constructive amendment occurred when the district court failed to read the indictment's "Overt Acts" section to the jury. The overt acts were not necessary elements of the conspiracy charged in count one and the jury's copy of the indictment included an accurate list of charged crimes. *United States v. Shabani*, 513 U.S. 10, 11 (1994). As Herman jointly proposed the relevant jury instructions, his argument is also barred by the invited error doctrine. *United States v. Baldwin*, 987 F.2d 1432, 1437 (9th Cir. 1993).

The district judge properly instructed the jury to agree on an object of the conspiracy from among the crimes that were "alleged in the indictment," including crimes committed by either Alofaga or Herman. The money laundering instruction was easily distinguishable from the distribution instruction, and the jury is presumed to have distinguished them. *See Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985). Because the jury instructions were consistent with the indictment, no variance or constructive amendment occurred.

In light of the detailed information from a government informant, the police had probable cause to arrest Herman. *See United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992).

2

Because Herman was seated in a comfortable conference room for only four hours, the police asked only booking questions, and Herman never felt pressured to talk, his will was not overborne when he confessed. *United States v. Haswood*, 350 F.3d 1024, 1027–28 (9th Cir. 2003).

The police conducted a legal inventory search of the minivan. Because Herman's arrest was supported by probable cause, the evidence recovered during the inventory search was not the fruit of a poisonous tree. *See United States v. McLaughlin*, 170 F.3d 889, 895 (9th Cir. 1999) (Trott Concurring).

II.     Alofaga Lemusu's Claims

There was sufficient evidence to support Alofaga's conviction for possessing a firearm in furtherance of the drug conspiracy. There was evidence that Alofaga possessed both firearms identified in the indictment in furtherance of his drug dealing activities. *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004). Additionally, 18 U.S.C. § 924(c)(1)(A) is not unconstitutionally vague as applied to the facts of this case because the statute gave Alofaga adequate notice that his conduct was criminal. *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001).

There was no need for a special verdict form because the jury was specifically instructed that they must all agree on a single firearm that was

possessed and used in furtherance of the conspiracy, and the use of either firearm would result in the same sentence.

Alofaga has offered no evidence to impugn the facially regular third superceding indictment, which is presumptively valid in light of the grand jury foreperson's signature. *United States v. Buffington*, 815 F.2d 1292, 1304 (9th Cir. 1987).

The district court did not clearly err in finding credible the testimony of the officers who testified that there was a 25-30 second wait after the knock and announce before the forced entry into Alofaga's home. A wait of this duration was reasonable given the circumstances of the search. *United States v. Banks*, 540 U.S. 31, 38 (2003).

III. Herman's Sentence

The district judge enhanced Herman Lemusu's sentence on the basis of judge-found facts that were not set forth in the indictment, proven to the jury beyond a reasonable doubt, nor admitted by Herman. Because Herman did not challenge his sentence on Sixth Amendment grounds in the district court, we review his sentence for plain error. Pursuant to *United States v. Ameline*, No. 02-30326, slip op. at 3, 26-29 (9th Cir. June 1, 2005) (en banc), we remand Herman's sentence to the district court for the district court to determine whether it would

have sentenced Herman differently under an advisory Guidelines system. If so, the district court shall vacate Herman's sentence and re-sentence him under the post-*Booker* advisory Guidelines. If not, Herman's sentence shall remain undisturbed.

**Alofaga Lemusu's conviction and sentence are AFFIRMED.**

**Herman Lemusu's conviction is AFFIRMED; his sentence is REMANDED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JUL 0 1 2005
by: Candy
Deputy Clerk