FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 17 2005

at 5 o'clock and 11 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HERMAN LEMUSU,                    (01)<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Crim. No. 02-00130 HG-01<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR WITHDRAWAL OF COUNSEL AND DECLINING TO RESENTENCE DEFENDANT AND ADOPTING THE JUDGMENT OF DECEMBER 10, 2003 |

**ORDER GRANTING DEFENDANT'S REQUEST FOR WITHDRAWAL OF COUNSEL**

**and**

**DECLINING TO RESENTENCE DEFENDANT AND ADOPTING THE JUDGMENT OF DECEMBER 10, 2003**

The Court must consider if it would have sentenced Defendant differently had the Court not been bound by the United States Sentencing Guidelines, later rendered advisory by United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). Defendant has also requested that his counsel, Georgia McMillen, withdraw.

For the reasons stated below, Defendant's request to allow withdrawal of his counsel and to allow him to proceed pro se is GRANTED.

Defendant's sentence would not have been different had the

Sentencing Guidelines been advisory rather than mandatory at the time of sentencing. The Court DECLINES to resentence Defendant and ADOPTS the Judgment of December 10, 2003.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 18, 2003, after a fourteen-day trial, Defendant was convicted of 6 counts of conspiracy to distribute methamphetamine, distributing methamphetamine, and money laundering.

On December 1, 2003, the Court sentenced Defendant to 360 months imprisonment as to counts 1 and 3 of the Third Superseding Indictment, and 240 months imprisonment as to counts 2, 4, 5, and 6 with the terms to run concurrently. The Court also sentenced Defendant to 5 years of supervised release as to counts 1 and 3, and 3 years as to counts 2, 4, 5, and 6 with the terms to run concurrently.

On December 10, 2003, the Court entered judgment in Defendant's case.

On December 11, 2003, Defendant filed a Notice of Appeal.

On June 24, 2004, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 2537 (2004). Blakely held that a sentence pursuant to the Washington State Sentencing Guidelines violated the Sixth Amendment of the United States Constitution when the defendant's sentence was enhanced based on facts which were not proven to a jury beyond a

reasonable doubt or admitted by the defendant.

On January 12, 2005, the United States Supreme Court decided United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), examining the United States Sentencing Guidelines in light of Blakely and holding the Guidelines to be advisory.

On June 9, 2005, the Ninth Circuit Court of Appeals affirmed Defendant's conviction.  The Court of Appeals remanded Defendant's sentence, pursuant to Booker, for the Court to determine if it would have sentenced Defendant differently had it known that the Guidelines were advisory rather than mandatory.

On July 13, 2005, the Court issued an order stating that it intended to decide without a hearing whether it would have sentenced Defendant differently had it not been bound by the Sentencing Guidelines.  United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir. 2005)("Ameline III")(citing United States v. Crosby, 397 F.3d 103, 120 (2nd Cir. 2005)).  The Court instructed the parties to submit their views in writing.

On July 21, 2005, both Defendant and the Government filed sentencing memoranda.

On July 22, 2005, the Court received a letter from Defense counsel which asked for additional time to file a supplemental sentencing memorandum.

On July 27, 2005, the Court received a letter from Defense counsel enclosing a letter from Defendant to the Court.

On July 29, 2005, the Court issued an order staying proceedings until August 12, 2005 and allowing both parties to submit supplemental sentencing memoranda by that date.

On August 11, 2005, counsel for Defendant filed a supplemental sentencing memorandum.

Also on August 11, 2005, the Court received a letter from Defendant Herman Lemusu requesting that his counsel, Georgia McMillen, withdraw and that he be permitted to appear pro se. Defendant also filed three memoranda in support of resentencing.

## ANALYSIS

### I. WITHDRAWAL OF COUNSEL

Defendant states, in a letter received by the Court on August 11, 2005, that "[s]ince my attorney does not have my best at her hand I would request that she be withdrawn, and i [sic] wish to proceed in Pro se." Defendant also filed three memoranda for the Court's consideration. The Court GRANTS Defendant's request for the withdrawal of Georgia McMillen as counsel and to allow him to represent himself. The Court will consider defendant's August 11, 2005 memoranda as well as the sentencing memoranda filed by Georgia McMillen as counsel for Defendant.

### II. DEFENDANT'S SENTENCE

The sentencing memoranda filed by former counsel for Defendant make two arguments for a reduced sentence. First, the enhancement of Defendant's Guideline range based upon judge-found

facts using a preponderance of the evidence standard violates the right of trial by jury of the Sixth Amendment of the United States Constitution.  Defendant makes the same argument pro se in the three sentencing memoranda he filed on August 11, 2005.[1] Second, former counsel has argued that Defendant's sentence should be reduced to 235 months as such a sentence would be a more appropriate punishment.

The arguments advanced by Defendant and his former counsel are not persuasive.

### A.    Preponderance of the Evidence Standard

The argument made by Defendant and his former counsel that facts enhancing his sentence can only constitutionally be determined pursuant to the reasonable doubt standard or by a jury is unfounded.

Every circuit court of appeals to have addressed the issue has held that pursuant to the advisory Guideline structure, trial courts maintain the ability to enhance a defendant's sentence pursuant to facts found by the judge using a preponderance of the

---

[1]    All three of Defendant's sentencing memoranda raise the same issue, the constitutionality of sentencing enhancements based upon judge-found facts made pursuant to a preponderance of the evidence standard.  Each memorandum is devoted to different sentencing enhancements Defendant received.  One memorandum challenges the enhancements for drug quantities pursuant to counts 1 and 3 of the Third Superseding Indictment.  The other two memoranda challenge the enhancements for monetary amounts pursuant to counts 2, 4, 5, and 6.  Defendant argues pro se that each of the enhancements should have been found by a jury beyond a reasonable doubt.

evidence standard.  United States v. Luciano, 414 F.3d 174 (1st

Cir. 2005); United States v. Garcia, 413 F.3d 201, 220 n.15 (2nd

Cir. 2005)("Judicial authority to find facts relevant to

sentencing by a preponderance of the evidence survives Booker.);

United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir. 2005)(en

banc)("Nothing in Booker suggests that sentencing judges are

required to find sentence-enhancing facts beyond a reasonable

doubt under the advisory Guidelines regime."); United States v.

Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005).

The standard for review of sentences enhanced based upon

judicial-fact finding pursuant to the mandatory Guidelines is the

limited remand procedure set forth in Ameline III.

## B.    Defendant's Sentence Pursuant to Advisory Guidelines

Ameline III established the procedure in the Ninth Circuit

for review in appeals of cases in light of Booker.  In cases

which did not have Booker issues raised in the district court,

and where the record is not sufficient to conduct a clear error

analysis, the appellate court will issue a limited remand.

> [A] limited remand to the district court is appropriate for
> the purpose of ascertaining whether the sentence imposed
> would have been materially different had the district court
> known that the sentencing guidelines were advisory.  If the
> district court responds affirmatively, the error was
> prejudicial...[t]he original sentence will be vacated by the
> district court, and the district court will resentence the
> defendant.  If the district court responds in the negative,
> the original sentence will stand...

Ameline III, 409 F.3d at 1074-75.

A district court need not hold a new sentencing hearing on remand, but must obtain the views of counsel in writing. Id. at 1085 (citing Crosby 397 F.3d at 120.) If the district court does not resentence, it "should place on the record a decision not to resentence, with an appropriate explanation." Id.

The Court has reviewed the record of the present case and has obtained the views of counsel regarding Defendant's sentence. The Court is capable of evaluating Defendant's sentence given that it presided over Defendant's fourteen-day trial. Had the guidelines been advisory at the time of sentencing, the Court would have made the same factual findings, and Defendant's sentence would not have been materially different. The sentence of 360 months imprisonment is appropriate given the overwhelming evidence produced at trial of the large and complex drug distribution conspiracy of which Defendant was the leader.

## CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED that:

1.    Defendant's request for withdrawal of counsel is GRANTED.

2.    A resentencing of Defendant is DECLINED.

3.    The Final Order and Judgment of December 10, 2003 is ADOPTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 17, 2005.

Helen Gillmor
United States District Judge

_____

United States v. Lemusu, Criminal No. 02-00130 HG-01; **ORDER GRANTING DEFENDANT'S REQUEST FOR WITHDRAWAL OF COUNSEL AND DECLINING TO RESENTENCE DEFENDANT AND ADOPTING THE JUDGMENT OF DECEMBER 10, 2003**